IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| DANYANG WEIWANG TOOLS, MANUFACTUING CO., LTD., *et al.*, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 19-00006 |
| UNITED STATES, | ) ) ) |
| Defendant, | ) ) |
| and | ) ) |
| DIAMOND SAWBLADES MAUFACTURERS' COALITION, | ) ) ) |
| Defendant-Intervenor. | ) ) ) |

DEFENDANT'S UNOPPOSED MOTION FOR VOLUNTARY REMAND

Pursuant to Rule 7(b) of the Rules of the United States Court of International Trade (USCIT R.), defendant, the United States, respectfully requests that the Court remand the Department of Commerce's final results in *Diamond Sawblades and Parts Thereof from the People's Republic of China*, 83 Fed. Reg. 64,331 (Dep't of Commerce Dec. 14, 2018) (final results admin. review) (*Final Results*) (P.R. 173) and the accompanying Issues and Decision Memorandum (IDM) (P.R. 170). On January 6, 2023, we emailed counsels for the plaintiffs and defendant-intervenors requesting their clients' positions as to our request. Counsel for the plaintiffs, Brittney Powell, stated that she consented to our request. Counsel for the defendant-intervenors, Daniel B. Pickard, stated that his client deferred to the Government's position.

1

As we describe below, a voluntary remand in this case is both warranted and proper. Accordingly, we respectfully request that the Court grant our unopposed request for voluntary remand in this matter.

BACKGROUND

Plaintiffs challenge Commerce's final results in the eighth administrative review of the antidumping duty order covering diamond sawblades and parts thereof (diamond sawblades) from the People's Republic of China (China).

The central issue in this case stems from the fact that Commerce set the rate for non-selected separate rate respondents in its review by pulling forward the same such rate applied to the non-selected separate rate respondents in the *prior* completed administrative review. That rate was 82.05 percent. Around January 2020, however, we discovered that this prior rate had been challenged and remanded as part of a separate case called *Bosun Tools Co. v. United States*, Consol. Ct. No. 18-102 (Ct. Int'l Trade). At plaintiffs' request, and without any opposition from us, the Court stayed this case until 30 days after the final resolution of all proceedings in *Bosun Tools* to see how, if at all, that case might affect this one. *Stay Order*, ECF No. 35. It further ordered the parties to file a joint status report as to how the case should proceed when *Bosun Tools* had finally concluded. *Id*.

The *Bosun Tools* litigation is now over, and the separate rate used in *Bosun Tools* has changed. Post-remand, the separate rate in that case was reduced from 82.05 percent to 41.03 percent, and that rate was ultimately sustained by the Court of International Trade and then affirmed on appeal by the United States Court of Appeals for the Federal Circuit. *Bosun Tools Co. v. United States*, Nos. 2021-1929,-1930, 2022 WL 94172 (Fed. Cir. Jan. 10, 2022). In light of those developments, we respectfully request a voluntary remand for Commerce to consider

2

what effect Commerce's sustained and affirmed remand decision in *Bosun Tools*—which involves the non-selected separate respondents rate in the *prior* completed administrative review that Commerce pulled forward for its decision here—should have on this case. We do so without confessing error. That is because *Bosun Tools* does not necessarily implicate the broader statutory question of whether Commerce can pull forward a separate rate utilized in a prior administrative review, which is the primary legal question at issue here. *Bosun Tools* merely changed the underlying rate that Commerce pulled forward. Nevertheless, that underlying variable is relevant to each of the parties' arguments in this case, and we believe Commerce should be permitted to consider the issue before there are any further proceedings in this matter.

ARGUMENT

We respectfully request that the Court remand the final results to Commerce. An agency may (without confessing error) ask the Court to remand a matter so that Commerce may reconsider its prior position. *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). There are multiple scenarios in which an agency may seek a remand which include: (a) to reconsider its decision because of intervening events outside of the agency's control; (b) in the absence of intervening event, the agency may request a remand, without confessing error, to reconsider its previous position; and (c) because it believes that its original decision was incorrect on the merits and it wishes to change the result. *Id.* at 1028.

The Court also has discretion whether to grant a remand. The Court could, for instance, "refuse{}" "{a} remand . . . if the agency's request is frivolous or in bad faith." *Id*. at 1029. But according to *SKF USA*, "if the agency's concern is substantial and legitimate, a remand is usually appropriate." *Id*. at 1030; *see also Ad Hoc Shrimp Trade Action Committee v. United States*, 882 F. Supp. 2d 1377, 1381 (Ct. Int'l Trade 2013); *SeAH Steel Corp. v. United States*, 704 F. Supp.

3

2d 1353, 1378 (Ct. Int'l Trade 2010); *Shakeproof Assembly Components Div. of Illinois Tool Works, Inc. v. United States*, 412 F. Supp. 2d 1330, 1338 (Ct. Int'l Trade 2005) (granting a request for voluntary remand, recognizing the "presumption of governmental good faith" absent "'well-nigh irrefragable proof' of bad faith."). "{C}oncerns are considered substantial and legitimate when (1) Commerce supports its request with a compelling justification, (2) the need for finality does not outweigh the justification, and (3) the scope of the request is appropriate." *Baroque Timber Industries (Zhongshan) Co., Ltd. v. United States*, 925 F. Supp. 2d 1332, 1339 (Ct. Int'l Trade 2013). Likewise, clarifying a determination is a compelling justification for voluntary remand. *Id.* And when an agency seeks remand to address a substantial and legitimate concern, it is appropriate for a court to defer to the agency whose expertise consists of administering the statute. *Gleason Indus. Prods., Inc. v. United States*, 31 CIT 393, 396 (2007); *see also Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993) ("We commonly grant such motions {for voluntary remand}, preferring to allow agencies to cure their own mistakes rather than wasting the court's and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete.").

Respectfully, the Court should grant our remand request because our reasons for seeking remand are "substantial and legitimate." *Baroque Timber*, 925 F. Supp. 2d at 1339. In fact, all the aforementioned factors for substance and legitimacy are met here. *See id*. (quoting the three factors). First, the Government has a compelling justification for its request because a central underlying variable relevant to Commerce's decision has changed as a result of *Bosun Tools*. That variable was the separate rate that Commerce pulled forward to apply to its present decision. Given the change in *Bosun Tools*, Commerce should be permitted to address how (if it all) that decision affects its conclusions in this case. Second, the need for finality does not

4

outweigh our justification, as indicated by the fact that plaintiffs consent to our motion, and no party (not even defendant-intervenor) opposes it. Third, the scope of our request is appropriate because the remand is related to the only issue being litigated in this case. Accordingly, there is a substantial and legitimate justification for this Court to grant a voluntary remand.

By requesting a voluntary remand of this case in its entirety, we do not waive any defenses regarding the administrative review at issue nor any arguments related to the merits of the issues before the Court. *See Tianjin Wanhua Co., Ltd. v. United States*, 253 F. Supp. 3d 1318, 1327-28 (Ct. Int'l Trade 2017). Nor do we cede our ability to defend Commerce's final results on the merits.[1] We simply wish for Commerce to have the chance to address an underlying variable that is related to the central issue raised by the plaintiffs in this case that has changed as a result of related litigation.

Should the Court grant our request, we respectfully propose that the Court provide 90 days for Commerce to submit its remand redetermination to the Court and allow for comments on the remand redetermination in accordance with USCIT R. 56.2(h).

## CONCLUSION

For these reasons, we respectfully request that the Court remand this matter to Commerce for further administrative proceedings. Should the Court grant our request, we respectfully request that the Court provide 90 days for Commerce to submit its remand redetermination to the Court to afford Commerce sufficient time to complete the remand redetermination.

---

[1] Should the Court grant the request and determine a remand is warranted, the appropriate action is for the Court to remand to Commerce for further proceedings without directing a particular outcome. *See, e.g., Nippon Steel Corp. v. United States*, 345 F.3d 1379, 1381-82 (Fed. Cir. 2003); *Essar Steel Ltd. v. United States*, 678 F.3d 1268, 1275 (Fed. Cir. 2012).

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
|  | /s/ Franklin E. White, Jr.<br>FRANKLIN E. WHITE, JR.<br>Assistant Director |
| OF COUNSEL:<br>PAUL K. KEITH<br>Assistant Chief Counsel<br>Office of the Chief Counsel<br>  for Trade Enforcement & Compliance<br>U.S. Department of Commerce | /s/ Meen Geu Oh<br>MEEN GEU OH<br>Senior Trial Counsel<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, DC 20044<br>Telephone: (202) 307-0184<br>Fax: (202) 307-0972<br>Email: meen-geu.oh@usdoj.gov |
| January 13, 2023 | Attorneys for Defendant |

<u>CERTIFICATE OF COMPLIANCE</u>

  I hereby certify that this brief complies with the word limitation of Court of International Trade Standard Chambers Procedures § 2(B)(1) and contains approximately 1,411 words. In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.

            <u>/s/ Meen Geu Oh</u>

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| DANYANG WEIWANG TOOLS, MANUFACTUING CO., LTD., *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> DIAMOND SAWBLADES MAUFACTURERS' COALITION, <br><br> Defendant-Intervenor. | No. 19-00006 |

ORDER

Upon consideration of defendant's motion for a voluntary remand, the administrative record, and all other pertinent papers, it is hereby

ORDERED that defendant's motion for voluntary remand is GRANTED; and it is further

ORDERED that the Department of Commerce shall submit a remand redetermination within 90 days of this Order.

Dated: _____        _____
New York, New York                                Judge