A-570-900<br>
Remand<br>
Court No. 19-00006<br>
POR: AR 11/1/16-10/31/17<br>
**Public Document**<br>
E&C/OI:  AH

*Danyang Weiwang Tools Manufacturing Co., Ltd. et al. v. United States*
**Consol. Court No. 19-00006**
**Diamond Sawblades and Parts Thereof from the People's Republic of China**

**FINAL RESULTS OF REDETERMINATION
PURSUANT TO COURT REMAND**

**I.   SUMMARY**

The U.S. Department of Commerce (Commerce) prepared these final results of redetermination pursuant to the remand order of the U.S. Court of International Trade (CIT) in *Danyang Weiwang Tools Manufacturing Co., Ltd. et al. v. United States*, Consol. Court No. 19-00006 (CIT January 13, 2023) (*Remand Order*).  These final results of redetermination concern the final results in the administrative review of the antidumping duty (AD) order on diamond sawblades and parts thereof (diamond sawblades) from the People's Republic of China (China) covering the period of review (POR), November 1, 2016, through October 31, 2017.[1]

The CIT granted Commerce's request for a voluntary remand to consider what effect, if any, the U.S. Court of Appeals for the Federal Circuit's (CAFC's) opinion in *Bosun Tools Co. v. United States*, Nos. 2021-1929-1930, 2022 WL 94172 (Fed. Cir. Jan. 10, 2022) (*Bosun Tools*) should have on this case.  Consequently, on remand, we revised the rate (*i.e.*, from 82.05 percent to 41.03 percent) for the following separate rate respondents:  Danyang Weiwang Tools Manufacturing Co., Ltd. (Danyang Weiwang), Quanzhou Zhongzhi Diamond Tool Co., Ltd.

---

[1] *See Diamond Sawblades and Parts Thereof from the People's Republic of China:  Final Results of Antidumping Duty Administrative Review; 2016-2017*, 83 FR 64331 (December 14, 2018) (*Final Results*), and accompanying Issues and Decision Memorandum (IDM).

(Quanzhou Zhongzhi), and Chengdu Huifeng New Material Technology Co., Ltd. (Chengdu Huifeng) (collectively, the Separate Rate Respondents).

## II. BACKGROUND

On April 20, 2018, Commerce published the final results of the administrative review of diamond sawblades from China covering the POR November 1, 2016, through October 31, 2017.[2] For purposes of the *Final Results*, Commerce assigned the rate for the separate-rate respondents in this case by pulling forward the rate assigned to the separate-rate respondents in the preceding administrative review of the order (*i.e.*, 82.05 percent).[3] The Separate Rate Respondents subsequently appealed Commerce's decision to the CIT. Given that the rate at issue was, itself, the subject of ongoing litigation,[4] the CIT stayed the matter pending the final outcome of that case. With the stay now lifted, and a revised rate established (*i.e.*, 41.03 percent),[5] Commerce sought, and the CIT granted, a voluntary remand to consider the effect, if any, of that litigation in this case – specifically on the *Final Results*.

## II. INTERESTED PARTY COMMENTS

On March 14, 2023, Commerce released the Draft Results of Redetermination to all interested parties and invited parties to comment.[6] On March 21, 2023, we received comments from the Separate Rate Respondents.[7]

---

[2] *Id*.
[3] *See Diamond Sawblades and Parts Thereof from the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2015-2016*, 83 FR 17527 (April 20, 2018), and accompanying IDM.
[4] *See Bosun Tools Co., Ltd. v. United States*, 405 F. Supp. 3d 1359 (CIT 2019).
[5] *See Diamond Sawblades and Parts Thereof from the People's Republic of China: Notice of Court Decision Not in Harmony With Final Results of the 2015-2016 Antidumping Duty Administrative Review and Notice of Amended Final Results of Review*, 86 FR 14868 (March 19, 2021); *see also Bosun Tools*.
[6] *See* Draft Results of Redetermination Pursuant to Court Remand, Diamond Sawblades and Parts Thereof from China, *Danyang Weiwang Tools Manufacturing Co., Ltd. et al. v. United States*, Consol. Court No. 19-00006, dated March 14, 2023 (Draft Results of Redetermination).
[7] *See* Separate Rate Respondents' Letter, "Diamond Sawblades and Parts Thereof from China: Submission of Comments on Draft Results of Remand Redetermination," dated March 21, 2023 (Separate Rate Respondents' Comments).

*Separate Rate Respondents' Comments*

- The Separate Rate Respondents agree that the rate should be revised to 41.03 percent consistent with the revised separate rate in the preceding administrative review.[8]

- Additionally, Commerce may apply Chengdu Huifeng's calculated rate of zero percent from the 2018-2019 administrative review in which it was a mandatory respondent because the rate was subject to verification is the most indicative of the amount of dumping by Chengdu Huifeng during that period of time, and as such, Commerce should apply the zero rate in the underlying administrative review.[9]

**Commerce's Position**:  On remand, we determined that *Bosun Tools* implicates *the rate* assigned to the Separate Rate Respondents, and *not* Commerce's *methodology for selection of that rate*. Accordingly, we revised the rate for the Separate Rate Respondents from 82.05 percent to 41.03 percent.  The Separate Rate Respondents do not contest this decision.[10]  To the extent that the Separate Rate Respondents' comments concern Commerce's methodology for selection of that rate, Commerce previously addressed arguments on this topic in the *Final Results*.[11]

## III.  ANALYSIS AND FINAL RESULTS OF REDETERMINATION

For purposes of the *Final Results*, Commerce assigned the rate for the separate-rate respondents in this case by pulling forward the rate assigned to the separate-rate respondents in the preceding administrative review of the order (*i.e.*, 82.05 percent).[12]  Given that rate was revised following litigation, we are revising the rate for the Separate Rate Respondents (*i.e.*, to 41.03 percent).  Should the CIT sustain these final results of redetermination, Commerce intends to publish a notice of court decision not in harmony with the results of administrative review and

---

[8] *See* Separate Rate Respondents' Comments at 2.
[9] *Id.*
[10] *Id.*
[11] *See Final Results* IDM at 6-8.
[12] *Id.*

notice of amended final results and issue instructions to U.S. Customs and Border Protection (CBP) to liquidate appropriate entries during the POR of subject merchandise from these Separate Rate Respondents at the applicable rate.  Because the cash deposit rates for Chengdu Huifeng and Quangzhou Zhongzhi have been superseded by subsequent administrative reviews[13] of the AD order, Commerce does not intend to issue revised cash deposit instructions for these two companies.  Danyang Weiwang's cash deposit rate has not been superseded by subsequent administrative reviews of the AD order, thus we intend to issue an amended cash deposit instruction with respect to Danyang Weiwang.

4/7/2023

X 

Signed by: LISA WANG

Lisa W. Wang
Assistant Secretary
  for Enforcement and Compliance

---

[13] *See Diamond Sawblades and Parts Thereof from the People's Republic of China:  Final Results of Antidumping Duty Administrative Review; 2017-2018*, 85 FR 71308 (November 11, 2020), and accompanying IDM; *see also Diamond Sawblades and Parts Thereof from the People's Republic of China:  Final Results of Antidumping Duty Administrative Review; 2018-2019*, 86 FR 46823 (August 20, 2021), and accompanying IDM.