IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

|  |  |
|---|---|
| DANYANG WEIWANG TOOLS, MANUFACTUING CO., LTD., *et al.*, ) ) ) | |
| Plaintiffs, ) | |
| v. ) | No. 19-00006 |
| UNITED STATES, ) | |
| Defendant, ) | |
| and ) | |
| DIAMOND SAWBLADES MAUFACTURERS' COALITION, ) ) | |
| Defendant-Intervenor. ) | |

**DEFENDANT'S RESPONSE TO COMMENTS ON REMAND REDETERMINATION**

Defendant, the United States, respectfully submits this response to the remand comments (ECF No. 51) filed by Danyang Weiwang Tools Manufacturing Co., Ltd., Chengdu Huifeng New Material Technology Co., Ltd., and Quangzhou Zhongzhi Diamond Tool Co., Ltd. (collectively, "plaintiffs") concerning the Final Results of Redetermination Pursuant to Court Remand filed by the United States Department of Commerce (Commerce) on April 13, 2023. *See* Final Results of Redetermination Pursuant to Court Remand (Remand Results), April 13, 2023, ECF No. 49.

This case concerns an administrative review of an antidumping duty order covering diamond sawblades from China. *See Diamond Sawblades and Parts Thereof from the People's Republic of China*, 83 Fed. Reg. 64331 (Dep't of Commerce Dec. 14, 2018) (*Final Results*) (P.R.

173) and accompanying Issues and Decision Memorandum (IDM) (P.R. 170).[1] In the *Final Results*, Commerce set the rate assigned to separate rate respondents in the review by pulling forward the rate which was assigned to separate rate respondents in the preceding 2015-2016 administrative review and explained why it did so. IDM at 7-8. That rate of 82.05%, however, was separately the subject of litigation in *Bosun Tools Co., Ltd. v. United States*, 405 F. Supp. 3d 1359 (Ct. Int'l Trade 2019), which was subsequently appealed to the U.S. Court of Appeals for the Federal Circuit. *See Bosun Tools Co. v. United States*, 2022 WL 94172 (Fed. Circ. Jan. 10, 2022). Because of the pending appeal, the Court stayed this case to determine what effect, if any, *Bosun Tools* would have on this matter. Following the appeal, the final rate for the separate rate respondents in the 2015-2016 administrative review was adjusted downward from 82.05% to 41.03%. *Id*. After that decision, Commerce requested a voluntary remand in this case, to consider the effect of *Bosun Tools* on its determination in this review.

During remand, Commerce provided all parties with draft remand results, *see Draft Remand Redetermination*, March 14, 2023 (R.R. 1), and afforded them the chance to comment. Plaintiffs responded with comments, R.R. 2, while defendant-intervenors did not. Commerce thereafter issued its Final Remand Results and filed them with the Court on April 13, 2023. Those results adjusted the rate for the separate rate respondents from 82.05% to 41.03% by pulling forward to the review at issue in this case the corrected rate for the previous administrative review in light of *Bosun Tools*. *See* Remand Results at 3-4.

Plaintiffs filed their comments to Commerce's remand redetermination on May 12, 2023. Pls. Cmts., ECF No. 51. In their comments, plaintiffs did not dispute Commerce's remand

---

[1] Citations to the public record "P.R. __" and confidential record "C.R. __" refer to the underlying administrative review record. Citations to the remand record "R.R. __" refers to the public record of this remand redetermination.

conclusion, going so far as to say that they agreed that "Commerce correctly revised the rate assigned to separate rate respondents." *See id.* 2.  We agree with plaintiffs' statement particularly because Commerce's remand results are supported by substantial evidence, *see MacLean-Fogg Co. v. United States*, 100 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2015) (citing 19 U.S.C. § 1516a(b)(1)(B)(i)), and that determination, as we have previously explained, accords with the law.  *See* Def Mot. for Judgment at 7-17.

      Given the lack of dispute on the issue, and Commerce's more than sufficient explanation for its decision, we respectfully request that the Court sustain Commerce's Remand Results and enter final judgment in favor of the United States.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
|  | /s/ Franklin E. White, Jr.<br>FRANKLIN E. WHITE, JR.<br>Assistant Director |
| OF COUNSEL:<br>Benjamin Juvelier<br>Attorney<br>Office of the Chief Counsel<br> for Trade Enforcement & Compliance<br>U.S. Department of Commerce | /s/ Meen Geu Oh<br>MEEN GEU OH<br>Senior Trial Counsel<br>Commercial Litigation Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>(202) 307-0184<br>Email: meen-geu.oh@usdoj.gov |
| May 31, 2023 | Attorneys for Defendant |